IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT DOYLE, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. 3:12-CV-0140 |
| Plaintiff, | ) ) | |
| | ) | Judge John T. Nixon |
| vs. | ) | Magistrate John S. Bryant |
| | ) | |
| THE KROGER CO., | ) | Class Action |
| | ) | |
| Defendant. | ) ) ) | Jury Demand |

## REVISED CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01 and the Telephone Status Conference held on September 11, 2012 before Magistrate Judge John S. Bryant, the parties respectfully submit the following proposed Revised Case Management Order.

I. **Jurisdiction and Venue**

Plaintiff contends the Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendant does not contest jurisdiction or venue.

II. **Plaintiff's Theory of the Case**

Plaintiff alleges intentional misrepresentation, negligent misrepresentation, breach of contract, and breach of implied contract by Defendant by violating terms of all members of the Kroger Shopper's Club program. The Program clearly indicates that the Purchase-Based Discounts are in addition to the Card Discount. Instead, the Defendant tenders the Purchase-Based Discounts in place of, rather than in addition to, the Card Discount. This

replacement denies the Plaintiff, and all other members of the Kroger Shopper's Club Program, the full discounts to which they are entitled.

Plaintiff has filed this suit as a class action on behalf of all individuals who redeemed Purchase-Based discounts when purchasing gasoline from Kroger.

**III.  Defendant's Theory of the Case**

Defendant denies the claims alleged in Plaintiff's complaint. Specifically, Defendant denies that Plaintiff was entitled to participate in separate fuel promotions simultaneously or that Defendant misrepresented Plaintiff's ability to participate in separate fuel promotions simultaneously. Defendant denies that a class action is appropriate. Plaintiff cannot meet its burden with respect to class certification.

Plaintiff's Amended Complaint fails to state a claim as specified in Defendant's motion to dismiss filed on July 2, 2012. Defendants will assert any other applicable defenses in any answer to the amended complaint, if applicable.

**IV.  Identification of Issues**

All issues remain in dispute.

**V.  Need for Other Claims or Special Issues Under Rules 13-15, 17-21 and Rule 23 of the Federal Rules of Civil Procedure**

 **A.  Motions Under Rules 13-15; 17-21.**

Any motion under Rules 13-15 and 17-21, including a motion to amend the pleadings or to join parties shall be filed on or before January 17, 2013.

 **B.  Class Certification.**

Class Certification scheduling issues are addressed below.

## VI. Witnesses, If Known, Subject to Supplementation for Each Party

The parties will identify any witnesses known to them and that they intend to rely upon in their Initial Disclosures subject to their right to supplement.

## VII. Response to Complaint, Initial Disclosures, ESI Conference and Staging of Discovery

### A. Response to Complaint.

Defendant shall answer the Amended Complaint within thirty (30) days after entry of the order resolving Defendant's motion to dismiss, if applicable.

### B. Rule 26(a)(1) Disclosures.

The parties shall exchange Initial Disclosures pursuant to Rule 26(a)(1) on or before December 10, 2012. The Order dated September 6, 2012, Docket Entry 36, that granted the Joint Motion to Amend Initial Case Management Order's Deadline for Rule 26(a)(1) Disclosures is hereby vacated and substituted by the entry of this Order.

### C. ESI Conference.

The parties will meet and confer regarding electronically stored information ("ESI") on or before December 10, 2012.

### D. Pretrial Discovery.

1. **Commencement of Discovery.** As discussed in the Initial Case Management Conference, Discovery will commence upon the filing of the Case Management Order. Discovery will not be stayed pending the Court's Order resolving Defendant's Motion to Dismiss.

2. **Limitations on Discovery.**

   a. **Third Party Depositions.** In circumstances where both sides seek to depose a third-party witness, the parties agree on a reasonable allocation of time to

examine the witness and may, with the consent of the witness, agree to enlarge the seven (7) hour limit. The Plaintiff and Defendant shall each have one-half (½) of the time allotted to the deposition of such third party fact witness.

        **b.**    **Interrogatories.** Each side shall be granted thirty (30) interrogatories.

        **3.**    **Completion of Discovery.** All class discovery, fact and expert, shall be completed by May 1, 2013. All fact discovery on the merits shall be completed by December 17, 2013. All expert discovery on the merits shall be completed by April 17, 2014.

## VIII. Class Certification Briefing

All expert testimony on which Plaintiff intends to rely in support of class certification and Defendant intends to rely in opposition to class certification, including expert reports and related disclosures, shall be fully disclosed in accordance with Fed.R.Civ.P. 26(a)(2) simultaneously with Plaintiff's motion for certification and Defendant's opposition thereto. The Court will schedule a hearing on Plaintiff's motion for class certification as soon as practicable after Plaintiff's reply brief is filed.

The parties shall follow the following schedule with respect to briefing class certification issues:

| | |
|---|---|
| **Motion to certify the class:** | February 16, 2013. |
| **Defendant's Response:** | April 17, 2013. |
| **Plaintiff's Reply:** | May 1, 2013. |

Plaintiff will make his expert(s) on class certification issues available for depositions between March 10 to 14, 2013. Defendant will make its expert(s) available for deposition

4

between April 21 to 28, 2013. Defendant opposes any rebuttal or supplemental expert testimony in Plaintiff's class certification reply, absent leave of Court.

## IX. Merits Experts

### A. Plaintiff's Initial Expert Reports.
Plaintiff's initial expert reports on the merits shall be due on or before January 5, 2014. Such disclosure shall be fully in accordance with Rule 26(a)(2). Plaintiff shall make his expert(s) available for deposition on mutually agreeable dates between January 28, 2014 and February 8, 2014.

### B. Defendant's Expert Reports.
Defendant's expert reports on the merits shall be disclosed on or before March 1, 2014. Such disclosure shall be fully in accordance with Rule 26(a)(2). Defendant shall make its expert(s) available for deposition on mutually agreeable dates between April 13 to 17, 2014.

## X. Dispositive Motions

Defendant may file a summary judgment motion at any time including prior to Plaintiff's motion for class certification. Defendant is not precluded from filing additional motions for summary judgment after the class certification ruling. The deadline to file any dispositive motions on the merits shall be on or before June 17, 2014. A response brief shall be filed no later than twenty-eight (28) days from the filing of a dispositive motion. A reply brief shall be filed fourteen (14) days after the filing of a response brief.

Any dispositive motion and response briefs shall be limited to thirty (30) pages. Any reply brief shall be limited to fifteen (15) pages.

## XI. Subsequent Case Management Conferences

A case management conference is scheduled to take place on November 15, 2012, at 10:00 a.m. to discuss the status of the case.

The conference shall be conducted by telephone and counsel for Defendant shall initiate the call.

## XII. Alternate dispute resolution

Defendant has filed a motion to dismiss. Both Plaintiff and Defendant will consider alternative dispute resolution if, and when, appropriate.

## XIII. Trial Date.

Jury trial is set to begin on November 5, 2014, at 9:00 a.m. A pretrial conference shall be held on October 14, 2014, at 1:30 p.m. before Judge Sharp. The parties estimate that the trial will last approximately two (2) to three (3) weeks. Judge Sharp will issue a separate order setting out his requirements for both the trial and final pretrial conference at a later date.

It is so ORDERED.

ENTERED on this the 14th day of September 2012.

*s/ John S. Bryant*
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:


/s/ Michael J. McNulty
Michael J. McNulty (TN BPR #25974)
MCNULTY & ASSOCIATES
211 Printers Alley, Suite 601
Nashville, TN 37201
Telephone: (615)829-8250
Fax: (615) 346-5208
Email: Michael@McNultyAssociatesTN.com


/s/ Todd C. Bank
Todd C. Bank (Appearing Pro Hac Vice)
119-40 Union Turnpike
Fourth Floor
Kew Gardens, NY 11415
Telephone (718) 520-7125
Email: TBLaw101@aol.com

*Attorneys for Plaintiff Robert Doyle*


/s/ E. Steele Clayton IV
E. Steele Clayton IV (TN BPR #17298)
Charles G. Jarboe (TN BPR # 28195)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: 615-742-6200
Fax: 615-742-6293
E-mail: sclayton@bassberry.com
E-mail: cjarboe@bassberry.com

Shayne R. Clinton (TN BPR # 26245)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Telephone: 865-521-6200
Fax: 888-526-6489
E-mail: sclinton@bassberry.com

*Attorneys for Defendant The Kroger Co.*