UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DOYLE, individually and ) | |
| on behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Sharp |
| ) | No. 3:12-0140 |
| THE KROGER CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Robert Doyle brings this putative class action on behalf of himself and a nationwide class of like individuals who received a 10¢ instead of a 13¢ discount when using their Kroger Shopper's PlusCard ("KrogerPlus Card"). Defendant The Kroger Co. ("Kroger") has filed a Motion to Dismiss (Docket No. 25) that has been fully briefed by the parties (Docket No. 26, 27 & 32). For the reasons that follow, the motion will be granted.

## I. FACTUAL ALLEGATIONS

The relevant facts, drawn from Plaintiff's Amended Complaint and accepted as true for present purposes, are as follows:

Kroger operates approximately 3,200 retail grocery stores, some 1,700 of which have gasoline stations in the parking lot. To induce customers to shop at its stores and purchase gas, Kroger offers discounts to customers who have KrogerPlus Cards, including, since at least February 2005, discounts on gasoline purchases.

According to Plaintiff, the KrogerPlus Card offers two separate gasoline discounts to customers. First, in what is identified as the "card discount," mere possession of the KrogerPlus

1

Card entitles the holder to a 3¢ discount off each gallon of gasoline purchased at a Kroger gasoline station, and this discount applies regardless of the amount of gasoline purchased. Second, in what is identified as the "purchased-based" discount, KrogerPlus Card customers who spend $100 at a Kroger supermarket earn 100 points in the form of a KrogerPlus Fuel Reward which entitles the holder to a 10¢ per-gallon discount at Kroger's gasoline stations.

Unlike the "card discount" which applies without regard to when, or how much, gasoline is purchased, the "purchase-based" discount is subject to time and quantity restrictions. Specifically, the "purchase-based" discount is good for one 20 gallon fill-up; balances below 100 points are reset at the beginning of each month; and fuel rewards are good through the 22nd day of the following month.

The centerpiece of this litigation is Kroger's alleged practice of canceling the "card discount" when a person uses his or her KrogerPlus Card to obtain the 10¢ per-gallon "purchase-based" discount. That is, Kroger allows no combining of the discounts and, thus, a customer can only receive, at most, a 10¢ per-gallon, and not a 13¢ per-gallon discount on gasoline.

In support of the Amended Complaint, Plaintiff quotes language from Kroger's circulars which were distributed weekly in its supermarkets (and nearly always available) from February 2005 to the present. Such circulars state: "Save 10¢ ON GAS PER GALLON ANY GRADE For Every $100 You Spend on Groceries" (the "Purchase-Based Discount") and "See Store For Complete Details." (Docket No. 24, Amended Complaint ¶ 16). Plaintiff also points to supermarket receipts given to KrogerPlus Card members that typically state: "KROGERPLUS REWARDS": "RECEIVE A 10-CENT PER GALLON DISCOUNT OFF YOUR NEXT KROGER FUEL PURCHASE EACH TIME YOU SPEND $100 IN GROCERIES . . . CERTAIN RESTRICTIONS APPLY[;] SEE

2

STORE FOR COMPLETE DETAILS." (Id. ¶ 17).

The "details," noted on both the circulars and receipts and found in the stores, are said to be as follows:

> SAVE 10¢ PER GALLON ON GAS - ANY GRADE
> For Every $100 You Spend on Groceries!
> Here's How It Works
>
> Accumulate points when you shop at Kroger with your KrogerPlus Shopper's Card and earn 1 point for every dollar spent (excluding pharmacy, alcohol, tobacco, sales tax, service center items, and fuel)
>
> Dates, point earned, and points balance are displayed on your register receipt.
>
> Accumulation period will run each calendar month.
>
> | Earn | Redeem |
> |---|---|
> | 1st day of the month thru last day of the month | 1st day through 22nd of next |
> | EXAMPLE: January 1st thru January 31st | January 1st thru February 22nd |
>
> For every 100 points, 1 KrogerPlus Fuel Reward will be added electronically to your KrogerPlus card. Once a reward is earned, it will automatically be redeemed on your next fuel purchase at any participating Kroger Fuel Center.
>
> Rewards may not be combined. Maximum discount is 10¢ per gallon.
>
> Discount is good on one fill-up (1 vehicle – maximum 20 gallons per fill-up)
>
> On the first day of each month points balances less than 100 will reset to zero to begin new month's accumulation period.
>
> Previous month's fuel rewards earned are good through the 22nd of the following month.

(Id.).

Plaintiff claims that from August 21, 2003 until March 26, 2006, he received three

3

KrogerPlus cards, one from a store in Bellevue, Tennessee, and two from a Kroger store in Murfreesboro, Tennessee. He further claims that, on numerous occasions, he purchased merchandise from Kroger stores in middle Tennessee, and, after becoming entitled to the "purchase-based" discount, utilized his KrogerPlus Card in connection with gasoline purchases from Kroger, but "never received the full amount of the Purchase-Based Discounts to which he was entitled." (Id. ¶¶ 30-33). Plaintiff alleges that he complained both orally and in writing, but never received an adequate explanation as to why the purchase-based discount was not tendered "in addition to, rather than in place of," the "card discount." (Id. ¶¶ 36-40).

As for those he seeks to represent, Plaintiff alleges that, given "the popularity of the KrogerPlus Card, the number of Kroger's gasoline stations, and the amount of Kroger's gasoline sales,[1] [he] believes that there are several million Class Members, who are geographically dispersed throughout the United States" (id. ¶ 48), and, like him, wrongly received only a 10¢ per-gallon, instead a 13¢ per-gallon discount on their gasoline purchases.

Plaintiff alleges there are many common questions of law and fact among the putative class members, including:

> (i) whether Kroger represented that a person who obtains a Plus Card will be given a discount off each gallon of gasoline purchased at a Kroger gasoline station, for an unlimited number of gallons, if he presents the Plus Card upon making his gasoline purchase (the "Card Discount");
>
> (ii) whether Kroger represented that, in exchange for a purchase of $100 at Kroger supermarkets within a calendar month, holders of the Plus Card would be given a discount off each gallon of gasoline purchased at a Kroger gasoline station (the "Purchase-Based Discount");
>
> (iii) whether Kroger represented that the Purchase-Based Discounts are in addition

---

[1] Plaintiff claims that, during the proposed class period, "Kroger's retail sales of gasoline exceed[ed] $40 billion." (Id. ¶ 14).

4

to the Card Discount;

       \*       \*       \*

(viii) whether, when a Plus Card holder seeks to redeem his Purchase-Based Discount, Kroger tenders the entire discount to which he is entitled;

       \*       \*       \*

(x) whether Kroger wilfully and knowingly indicated to the Plus Card holders, as well as the general public, that the Purchase-Based Discounts would be tendered in addition to, rather than in place of, the Card Discount;

(xi) whether Kroger wilfully and knowingly tendered the Purchase-Based Discounts in place of, rather than in addition to, the Card Discounts[.]

(Id. ¶ 54).

Based upon the foregoing, Plaintiff filed suit in this Court. The amended complaint contains four counts: (1) breach of contract; (2) breach of implied contract; (3) intentional misrepresentation; and (4) negligent misrepresentation.

## II. STANDARDS OF REVIEW

Under Rule 12(b)(6), "all well-pleaded material allegations of the pleadings" are accepted as true, and those allegations must "be sufficient to give notice to the defendant as to what claims are alleged, and . . . plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct., 1937, 1949–50 (2009)). In determining whether a complaint sets forth a plausible claim, a court may consider not only the allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." Ley v. Visteon Corp., 543 F.3d 801, 805 (6th Cir. 2008) (citation omitted).

5

Insofar as a claim is grounded in fraud,[2] Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." Republic Bank & Trust Co. v. Bear Stearns, 683 F.3d 239, 247 (6th Cir. 2012). "Although 'conditions of a person's mind may be alleged generally,' Fed. R. Civ. P. 9(b), the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation 'plausible on its face.'" Id. (quoting, Iqbal, 129 S.Ct. at 1949. (internal quotation marks omitted).

### III. APPLICATION OF LAW

Although Rule 8(c) of the Federal Rules of Civil Procedure requires only that a complaint set forth a "short and plain state of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(c), it is possible for a plaintiff to plead himself out of court, and Plaintiff has done so in this case. This is true with respect to both his contract-based and misrepresentation claims.

**(A) Breach of Contract Claims**

"The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." ARC LifeMed, Inc. v. AMC–Tennessee, Inc., 183 S.W.3d 1,

---

[2] Under Tennessee law, a claim for intentional misrepresentation sounds in fraud. See, Diggs v. Lasalle Nat. Bank Ass's, 2012 WL 1939799 at *4 (Tenn. Ct. App. May 30, 2012). There is also authority for the proposition that "Rule 9(b)'s heightened pleading standard clearly applies to . . . negligent misrepresentation." In re Nissan North America, Inc. Odometer Litigation, 664 F. Supp.2d 873, 881 -882 (M.D.Tenn.,2009). Whether negligent misrepresentations claims, like intentional misrepresentation claims, should be plead with the particularity required by Rule 9(b) is something which the Court need not reach in this case.

6

26 (Tenn. Ct. App. 2005).

Implied contracts, on the other hand, "have been described as 'a legal fiction that can only arise in the absence of an actual contract or contract implied in fact,'" and "'are created by law without the assent of the party bound, on the basis that they are dictated by reason and justice.'" Jones v. LeMoyne-Owen College, 308 S.W.3d 894, 906 -907 (Tenn. Ct. App. 2009) (citations omitted). Therefore, "[t]o recover under a contract implied in law, the following elements must be established: (1) There is no existing, enforceable contract between the parties covering the same subject matter; (2) The party seeking recovery proves that it provided valuable goods or services; (3) The party to be charged received the goods or services; (4) The circumstances indicate that the parties to the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and (5) The circumstances demonstrate that it would be unjust for a party to retain the goods or services without payment." Id. (citation omitted).

In moving to dismiss, Defendant argues that "[i]n Tennessee, business 'advertisements and solicitations are generally considered invitations to make offers, not offers that may be accepted and form a binding contract.'" (Docket No. 26 at 9, quoting, McKee v. Meltech, Inc., 2011 WL 1770461, at *8 (W.D. Tenn. May 9, 2011)). Defendant acknowledges, however, that "[t]o overcome the general 'rule that an advertisement is not an offer but merely an invitation to deal' the advertisement must be 'clear, definite, and explicit, and leave[] nothing open for negotiation' but any 'indefiniteness generally rules out this construction.'" (Id. at 10, quoting, 17A Am. Jur. 2d Contracts § 52 (2012)). Thus, "to allege a unilateral contract based on an advertisement, 'it is a well-established and uniform rule that the acceptance of an offer must exactly and precisely accord with the terms of the offer.'" (Id. quoting, Woodruff v. Nat'l Life Ins. Co., 2009 Tenn. App. LEXIS

7

124 (Tenn. Ct. App. Mar. 26, 2009)).

Recognizing these legal principles, Plaintiff insists that he has sufficiently alleged a breach of contract or implied contract. In this regard, he argues that "the terms relating to the Purchase-Based Discounts were 'clear, definite, and explicit, and left nothing open for negotiation,'" and "the only way that Plaintiff was able to accept the offer, and the only way did accept the offer, was to 'exactly and precisely accord with the terms of the offer.'" (Docket No. 28 at 13-14, citations to the Amended Complaint omitted). As for the breach resulting from "Kroger's providing of a discount of ten cents rather than 13 cents to those who were entitled to both the Purchase-Based Discount and the Card Discount," he argues:

> That breach can be characterized in either one of two ways: either Kroger provided a discount of ten cents based on the Purchase-Based Discount, in which event the breach is of the KrogerPlus Card holder's right to the Card Discount; or, Kroger provided the three-cents-per-gallon Card Discount and therefore breached the right to the Purchase-Based Discount by providing a discount of only seven cents, rather than ten cents, to a KrogerPlus Card holder who had earned the Purchase-Based Discount.

(Id.).

The Court is unpersuaded by Plaintiff's position given that, regardless of how the breach is characterized, it necessarily requires use of the 10¢ "purchase-based" discount. The "offer" in relation to use of the "purchase-based" discount contains two clear restrictions explicitly pled in the Amended Complaint: "rewards may not be combined" and the "maximum discount is 10¢ per gallon." (Docket No. 24, Amended Complaint ¶ 18).

Even if, as Plaintiff claims, the "card-based" discount is not a "reward" for purposes of the offer, the facts as pled show that the most a consumer will receive when using the "purchase-based" discount is 10¢ per-gallon. As for the suggestion that customers who used both the "purchase-

8

based" and "card based" discounts effectively receive a 7¢ discount because those customers are already entitled to a 3¢ discount by virtue of the mere fact that they have a KrogerPlus card, nowhere is it alleged that they ever received only a 7¢ per-gallon discount. What is alleged is that customers who were entitled to the maximum "purchased-based" discounts got 10¢ off per gallon on one fill-up of no more than 20 gallons, and this is in keeping with the Kroger's "offer" in relation to the "purchase-based" discount.

**(B) Misrepresentation Claims**

"To recover for intentional misrepresentation, a plaintiff must prove: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation." Hodge v. Craig, 382 S.W.3d 325, 343 (Tenn. 2012). "Liability for negligent misrepresentation . . . is more restricted than liability for intentional misrepresentation," and "[o]ne of the most significant restrictions on liability for negligent misrepresentation is that it is limited to persons 'who, in the course of [their] business, profession or employment, or in any other transaction in which [they have] a pecuniary interest, [supply] false information for the guidance of others in their business transactions.'" Id. at 344 (bracketed language in original) (quoting, RESTATEMENT (SECOND) OF TORTS § 552(1)).

According to the Amended Complaint, Defendant made certain representations in its circulars, to wit, that qualifying customers would "Save 10¢ on GAS PER GALLON," and on its

9

sales receipts, to wit, that qualifying purchases would entitle the customer to "RECEIVE A 10-CENT PER GALLON DISCOUNT OFF YOU NEXT KROGER FUEL PURCHASE EACH TIME YOU SPEND $100 IN GROCERIES." (Docket No. 24, Amended Complaint ¶¶ 16 & 17). The Amended Complaint also states that, according to the "details" found in the store, the "maximum discount is 10¢ per gallon," and that discount was "good on one fill-up (1 vehicle – maximum 20 gallons per fill-up)." (Id. ¶ 18). But nowhere in the Amended Complaint is it alleged that Plaintiff never received the 10¢ per-gallon discount in accordance with Defendant's offer. Rather, the fair inference to be drawn from the allegations is that Plaintiff received all that he was entitled to in the form of a "purchase-based" discount, and hence there was no intentional or negligent misrepresentation by Defendant.

In making this observation, the Court has considered Plaintiff's argument that the disclaimers found in the store "details" speak only of "purchased-based" discounts, and say nothing about any other type of discount. Specifically, Plaintiff argues:

> Because the Purchase-Based Discount Terms repeatedly use the term "rewards" to refer only to the Purchase-Based Discount, the only rationale reading of "Rewards may not be combined" is that *Purchase-Based Discount* awards may not be combined *with each other*. Thus, a KrogerPlus Card holder who spends $200 and thus earns two KrogerPlus Fuel Rewards would not be able to obtain a double discount (that is, a 20-cents-per-gallon discount) when he next purchases Kroger gasoline. Instead, he would be entitled to the ten-cents-per gallon discount the *first* time he purchases Kroger gasoline following the earning of his two KrogerPlus Fuel Rewards as well as the second time that he purchases gasoline following the earning of the two KrogerPlus Fuel Rewards (and so on; that is, a KrogerPlus Card holder who has earned three KrogerPlus Fuel Rewards would be able to use his ten-cents-per gallon discount on three occasions, but would not be able to combine the ten-cents-per gallon discounts in order to receive a thirty-cents-per-gallon discount off his next gasoline purchase).

(Docket No. 28 at 5).

While the foregoing may be a fair characterization of the representations made by Defendant,

10

it ignores the unambiguous limitation that the "[m]aximum discount is 10¢" when using the "purchase-based" discount, and the only way to get the 13¢ per-gallon discount Plaintiff desires is through the use of the "purchase-based" discount. But, Plaintiff pleads no facts which would suggest that he is entitled to use the 3¢ per-gallon "card based" discount in conjunction with the "purchased-based" discount. Rather, he merely alleges in a conclusory fashion that "Kroger wilfully and knowingly indicated to the Plus Card holders, as well as the general public, that the Purchase-Based Discounts would be tendered in addition to, rather than in place of, the Card Discount." (Docket No. 24, Amended Complaint ¶ 36).

Leaving aside that, at least for purposes of an intentional misrepresentation claim, fraud must be pled with the particularity required by Fed. R. Civ. P. 9(b), Plaintiff's mere assertion that Defendant "indicated" the two types of discounts could be combined is insufficient to withstand Defendant's Motion to Dismiss. Even though Rule 8 of the Federal Rules of Civil Procedure does not envision a "hyper-technical, code-pleading regime," the rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," or "'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1950 (quoting, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff alleges no *facts* which would suggest that the "card-based" and "purchase-based" discounts could be combined to receive a 13¢ per-gallon discount, and the *facts* which are alleged is that "[r]ewards may not be combined" and the "[m]aximum discount is 10¢ per-gallon." (Docket No. 24, Amended Complaint ¶ 18).

## IV. CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss (Docket No. 25) will be granted, and this case will be dismissed for failure to state a claim upon which relief can be granted.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE